UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EUGENE ROJAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DUNKIN, LLC, et al.,<br><br>　　　　　Defendants. | No. 2:22–cv–1602–DAD–KJN PS<br><br>ORDER GRANTING IFP REQUEST AND FINDINGS AND RECOMMENDATIONS TO DISMISS<br><br>(ECF No. 5.) |

Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF No. 5.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry. Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**Legal Standards**

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6).  A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory.  Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015).  To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Id.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pleaded factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986).  The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations."  Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  Pro se pleadings are to be liberally construed.  Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal).  Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).  However, if amendment would be futile, no leave to amend need be given.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

///

///

**Analysis**

Here, plaintiff alleges that he is the creator and founder of Island and Sugarhill Café, a beverages service company. Plaintiff claims he holds a patent for coconut milk refreshers, as demonstrated by a handwritten business plan and menu. Plaintiff is currently housed in the Sacramento County Main Jail. According to the complaint, agents of the California Department of Corrections and Rehabilitation (CDCR), including defendant Dr. Patterson (a CDCR psychologist) obtained plaintiff's manuscript and business plans in 2019. Sometime in August of 2021, unnamed defendants gave these documents to another inmate. From April to November of 2021, plaintiff saw advertisements from defendants Dunkin and Starbucks resembling components on his documents. Plaintiff sent these organizations cease and desist letters, but despite this defendants continue to offer these services. Plaintiff alleges a claim under 35 U.S.C § 271 for direct infringement, contributory infringement, and inducement of infringement, and names both himself and his company as plaintiffs. Plaintiff seeks monetary damages, attorneys fees for himself, and an injunction, among other relief. (See ECF No. 1.) However, plaintiff's complaint fails to state a claim for patent infringement and is otherwise legally frivolous.

Title 35 U.S.C § 271(a) states "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States ... infringes the patent." Key to any claim of patent infringement (direct, contributory, or induced) is that a patent actually exist. Woodbridge v. United States, 263 U.S. 50 (1923) (noting the term of patent protection runs from the date of issuance). Generally speaking, the sale of an infringing product before a patent is issued does not constitute infringement or inducement to infringe. See Foster v. American Mach. & Foundry Co., 492 F.2d 1317 (2d Cir. 1974). Simply, no suit to enforce a patent right may be maintained until after the patent has issued. Gayler v. Wilder, 51 U.S. 477 (1850). Plaintiff's complaint indicates he does not have a patent, but merely has hand-drawn business plans. (ECF No. 1 at 10-35.) Thus, for this (among other reasons not reached here), plaintiff's claims are dismissible for failure to state plausible facts on which an infringement claim might be based, and are otherwise legally frivolous. See Iqbal, 556 U.S. 662, 678; see also Neitzke v. Williams, 490 U.S. 319, 327 (1989) (noting a court has authority to dismiss a claim as frivolous where it is

based on an indisputably meritless legal theory or where the factual contentions are clearly baseless).

Ordinarily, the court liberally grants a pro se plaintiff leave to amend. However, because the record here shows that plaintiff would be unable to cure the above-mentioned deficiencies through further amendment of the complaint, the court concludes that granting leave to amend would be futile. Cahill, 80 F.3d at 339.

### ORDER AND RECOMMENDATIONS

Accordingly, IT IS HEREBY ORDERED that plaintiff's IFP application is GRANTED.

Further, it is RECOMMENDED that:

1. The action be DISMISSED WITH PREJUDICE;
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: November 7, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

roja.1602